IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
JAN 23 2015
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

| | |
|---|---|
| AARON H. LEWIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:15CV00006 |
| | ) TRIAL BY JURY DEMANDED |
| TOWN OF STRASBURG, | ) |
| | ) |
| and | ) |
| | ) |
| TIMOTHY SUTHERLY, in his Official | ) |
| Capacity as Police Chief of the | ) |
| Town of Strasburg, VA, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## COMPLAINT

Plaintiff Aaron H. Lewis, by Counsel, pursuant to 42 U.S.C. § 1983, files this Complaint against the Defendants Town of Strasburg and ("Town") and Timothy Sutherly, in his official capacity as Police Chief for the Town, and alleges as follows:

### Preliminary Statement

1. Plaintiff was formerly employed as a police officer with the Town's Police Department ("Department"). He was removed from the Department on false pretenses and when he grieved his termination he was not provided his constitutionally-required due process rights in violation of the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 11 of the Virginia Constitution.

2. Plaintiff seeks injunctive and declaratory relief against the Defendants for violation of the Plaintiff's constitutional right to due process under 42 USC § 1983.

3. Plaintiff seeks reasonable costs, attorney's fees and expert fees incurred in bringing this claim, pursuant to 42 U.S.C. § 1988.

### Jurisdiction and Venue

4. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as the case arises under the Constitution and Federal Law.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b).

6. Personal jurisdiction is proper pursuant to VA Code § 8.01-328.1 and the Fifth and Fourteenth Amendments of the United States Constitution.

### Parties

7. Plaintiff Aaron Lewis is a resident of Edinburg, Virginia and was formerly an officer with the Department who served from March 13, 2004 until he was terminated on January 14, 2010.

8. Defendant Town of Strasburg is a separately incorporated town and is a political subdivision of the Commonwealth of Virginia.

9. Defendant Timothy Sutherly was serving as the Chief of Police of the Department at all times pertinent to the allegations in this Complaint.

### Statement of Facts

10. Mr. Lewis was a sterling officer with the Department, receiving the Officer of the Year Award from the Virginia Coalition of Police and numerous awards throughout his years of service, including a Virginia Sheriff Association Award for Valor.

11. Mr. Lewis, who was always willing to go beyond the minimum requirements of his job, had volunteered to be a part of the of the Department's "Tac-Team" (e.g.- SWAT team).

On the night of December 18, 2009, Mr. Lewis was serving with the Tac-Team, seeking to enforce a narcotics search warrant.

12. Mr. Lewis was in a "stack" (line) formation as he and his fellow law enforcement officers entered the house. Mr. Lewis was toward the end of the stack and was in third or fourth position as the team took the stairs to the second floor of the house.

13. Mr. Lewis turned right at the head of the stairs into a bedroom and encountered a black male suspect who was on the floor; Mr. Lewis released him to another Tac-Team member following him and quickly stepped over the suspect. Mr. Lewis then entered into a smaller adjoining room and engaged and handcuffed a white male suspect.

14. In the process of securing the white male, Mr. Lewis observed a white female lying alone in the bed to his immediate right with one of her hands under the covers. Mr. Lewis pointed his hand-gun, which was lacking a flashlight extension, at her and commanded her to raise her hands into the air. She complied, and Mr. Lewis holstered his weapon and turned his attention to securing the white male, allowing two other Tac-Team officers who preceded him into the room to secure the white female.

15. The white female was alone in the bed, was allegedly struck by a flashlight in the forehead during the process of the search and apprehension of suspects. As well, the black male was allegedly kicked repeatedly by an officer even after surrendering. Mr. Lewis emphatically denied striking either the white female or black male. Though visually examined by the Tac-Team medic and questioned as to whether they had any injuries, none of the suspects asked for medical assistance.

16. On December 21, 2009, the white female who had been in the bed, Mallory Haines, filed a Report of Complaint against Police Personnel with the Department, alleging that

she "was hit with a flashlight. Has marks and possible scarring where it happened." She also stated that "Ngome [the black male] got kicked in the back of the head while being forced down on the floor. Absolutely no reason for that." Later on the complainant dropped her complaint. The above-referenced black male never filed a complaint with the Department.

17. On December 29, 2009, Mr. Lewis was placed on Administrative Leave pending the outcome of the Department investigation. During the investigation, Mr. Lewis denied coming in physical contact with and/or striking the complainant female.

18. Nonetheless, on January 6, 2010, Mr. Lewis received a letter from Chief Sutherly that again alleged that he had struck the black male, continued the allegation that he had struck the complainant female and that Mr. Lewis had made false statements in his investigative report by denying the aforementioned conduct.

19. On January 11, 2010, Lt. Jerome Robinson, the assigned Department Investigative Supervisor, provided Mr. Lewis with a memorandum suspending Appellant without pay. Also on January 11, 2010, Appellant received an Administrative Proceedings Rights, Notice of Allegations, stating that Appellant was accused of "Excessive Force".

20. On January 14, 2010, Mr. Lewis received a letter of termination, signed by Chief Sutherly; the letter stated, among other things, that Mr. Lewis was being terminated from his employment with the Department based on a Category II offense of "Violating safety rules without a threat to life," Category III offense, "Falsification of any report . . . making any false official statement," and as to allegedly kicking a black male, a Category III offense, "Excessive Force."

21. Mr. Lewis filed a grievance of his termination. After pursuing Steps 1 through 3 of the Grievance Procedures, without effect, he requested a Step 4 Panel Hearing; the Hearing

occurred on January 24, 2013 in front of a three member panel. The panel found, by a two to one margin, for the Department, though they recommended that Mr. Lewis be allowed to voluntarily resign, a recommendation that was not honored by the Department.

22. Mr. Lewis, through Counsel, had spoken to Ms. Haines. She proffered that she would testify that the person who struck her was not in the stack line where Mr. Lewis was known to be. Though the Town Rules and Va. Code § 15.2-1507 permit the calling of witnesses, and Mr. Lewis' Counsel provided Ms. Haines a Notice of Appearance request (***Exhibit 1***), Ms. Haines did not willingly appear and without a subpoena Mr. Lewis was not able to bring the primary witness whose testimony would have cleared him.

23. Similarly, Mr. Lewis sought to bring a Town Police dispatcher, Mellanie Shipe, who was present for a conversation where another Officer alleged Mr. Lewis had admitted to striking Ms. Haines. That Officer, John Magdinec, testified at the Hearing against Mr. Lewis and contrary to Ms. Shipe's proposed testimony.

24. Mr. Lewis had submitted a witness list to the Town, listing Ms. Shipe, and had asked the Town to provide all witnesses under its control. ***Exhibit 2***. Instead, Mr. Lewis discovered after the Hearing that Ms. Shipe, who had been notified of the Hearing, had been told by the supervising officer Lt. Jerome Robinson that she should not attend since she was not subpoenaed.

25. Then, on the day of the Hearing, one of the panel members inquired about Ms. Shipe's presence since she was listed on the witness list but was not there. During the time that the Hearing was underway, Ms. Shipe was asked by a friend why she was not present. In turn, she called Lt. Robinson again to inquire as to whether she should appear. He again instructed her not to go. Relying on the Lt.'s instruction she never appeared.

26. The Town, by contrast, was able to provide all of the law enforcement witnesses damaging to Mr. Lewis since they were still employed by the Town.

27. Because the Hearing lacked fair process, Mr. Lewis appealed the decision to the Circuit Court of Shenandoah County. He did so pursuant to VA Code § 15.2-1507(A)(2)(a)(6), which states: "[t]he decision of the panel...shall be final and binding and *shall be consistent with provisions of law* and written policy" (emphasis added), seeking redress of the due process violations.

28. The Court, however, dismissed the case ruling on April 11, 2013 that it did not have jurisdiction to hear an appeal from the grievance panel under VA Code § 15.2-1507. ***Exhibit 3.***

29. Mr. Lewis then appealed the Circuit Court's decision, finding it lacked jurisdiction, to the Virginia Supreme Court. The Supreme Court agreed with the Circuit Court, however, holding that there was no reversible error. ***Exhibit 4.***

30. Having no place to seek redress for the violations of his constitutional rights, Mr. Lewis has brought this action in Federal Court.

### Count I – Violation of Due Process for Failure of Witnesses to Appear

31. Paragraphs 1 - 30 are herein incorporated by reference.

32. The Town is a state actor. As such, the Town cannot curtail the constitutional rights of its employees, including an employee's right to due process in the employment termination process.

33. Under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 11 of the Virginia Constitution, Mr. Lewis had a liberty and property interest in his employment with the Department.

34. The termination by the Department in conjunction with the false allegations underlying the decision ruined Mr. Lewis's hard-earned reputation as an exceptional police officer. The false allegations were made public, and have left a stigma on his reputation. Because of the Department's actions, Mr. Lewis has not been, and likely never will be, employed as a policeman.

35. Because Mr. Lewis was a non-probationary employee and his termination had to be conducted pursuant to the grievance procedures provided by law, he had an expectation of future employment with the Department, and, therefore, had a property interest in his continued employment.

36. The Town failed to provide Mr. Lewis due process by precluding him from subpoenaing material witnesses[1] who would have provided exculpatory testimony and by ensuring witnesses within their control did not attend the Hearing. This latter act, witness tampering, was particularly egregious since it disallowed Mr. Lewis from presenting witnesses that otherwise were permitted by the grievance process.

37. Mr. Lewis seeks injunctive relief in the form of a re-hearing at which all necessary witnesses will be present and his costs and attorney fees in bringing this action pursuant to 42 USC § 1988.

### Count II – Violation of Due Process for a Lack of Appeal on Questions of Law

38. Paragraphs 1–37 are herein incorporated by reference.

---

[1] Plaintiff is aware of the 4th Circuit's language related to compulsory process under the Federal Constitution found in *Detweiler v. Virginia Dep't of Rehabilitative Services* (705 F.2d 557, 561 (4th Cir. 1983)), but brings this action as a "good faith argument for the extension, modification, or reversal of existing law." VA Code § 8.01-271.1; *see, also W.V. Jackson*, 22 Va. Cir. 114, 128 (Washington Cty. 1990) ("…regulations create a right without a remedy. How can a litigant 'examine any witness' or 'submit any further…evidence' when his fact-finder/decision-maker has no subpoena power?"). Due Process is a fact specific inquiry and under the facts in this case compulsory process is necessary for due process.

39. Additionally, Mr. Lewis's due process rights were violated because Virginia Code and Town regulations pertaining to employee grievances provide no right to appeal issues of law that arise during the grievance process to a judicial court.

40. The Virginia Circuit and Supreme Court's interpretation of VA Code § 15.2-1507 in Mr. Lewis's case left him, even though he was a state employee, with no way to seek redress for the violations of his due process rights. Such an interpretation of the law means, as was the case here, that an employee's constitutional rights can be trampled on by a state actor, and the employee has no judicial protection.

41. Since the "fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner,'"[2] the inability to be heard *at all* by the courts is a violation of Mr. Lewis's due process rights.

42. Mr. Lewis seeks a declaratory finding that VA Code § 15.2-1507 and the Town's regulations must be struck down as unconstitutional because they violate the due process requirements of the United States and Virginia State Constitutions. He also seeks his costs and attorney fees in bringing this action pursuant to 42 USC § 1988.

**WHEREFORE**, Plaintiffs respectfully requests the following relief:

a) Order that Mr. Lewis be provided a re-hearing of his grievance with the proper witnesses present;

b) Declare that VA Code § 15.2-1507 and the Town's regulations violate the Constitutional due process requirements of the Virginia and United States Constitutions;

c) Award attorney fees, expert fees, and any other costs pursuant to 42 USC § 1988 in an amount to be determined by the Court; and

d) Grant such further relief as deemed just and appropriate by this Court.

---

[2] *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976), *quoting Armstrong v. Manzo*, 380 U.S. 545, 552 (1965).

/s/ Timothy P. Bosson

Timothy P. Bosson, Esq. (VSB No. 72746)
H. Robert Showers, Esq. (VSB No. 34799)
Caleb A. Kershner (VSB No. 72175)
Daniel Hebda (VSB No. 82209)
Simms Showers, LLP
305 Harrison Street SE, Third Floor
Leesburg, VA 20175
(703) 771-4671-phone
(703) 771-4681-facsimile
tpb@simmsshowerslaw.com
hrs@simmsshowerslaw.com
cak@simmsshowerslaw.com
djhebda@simmsshowerslaw.com